IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Murray E. Gibbs,<br><br>           Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-16-03553-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court has also received Respondents' Answer (Doc. 19), Petitioner's Reply to the Answer (Doc. 22), the Report and Recommendation of the Magistrate Judge (Doc. 24), Petitioner's Objections to the Report and Recommendation (Doc. 28), Petitioner's Motion for Certificate of Appealability (Doc. 27), and Respondents' Reply to Petitioner's Objections (Doc. 29).

In Ground 1 of his habeas Petition, Petitioner argues that the prosecutor committed misconduct by allowing the jury to hear testimony that was perjured by a spectator coaching a witness. (Doc. 1 at 6.) In Ground 2, Petitioner contends that his trial counsel was ineffective for failing to procure a hospital receipt that would have proved Petitioner's alibi. *Id*. at 7. In Ground 3, Petitioner argues that a failed impeachment attempt demonstrates that his trial counsel was uninformed and unprepared to put on a defense, and therefore, Petitioner received ineffective assistance of counsel. *Id*. at 8. In Ground 4, Petitioner alleges that the prosecutor committed misconduct because the jury heard

testimony that had not been disclosed to the defense, specifically a witness statement that came out for the first time at trial about hearing a diesel engine start up. *Id*. 1 at 9. In Ground 5, Petitioner argues that his conviction is unconstitutional because the jury instruction on the conspiracy charge failed to identify the underlying crime. *Id*. at 13.

Respondents argue that Petitioner's claims are untimely, and that even if Petitioner did assert timely claims, the state courts' rejection of his claims was not objectively unreasonable. (Doc. 19 at 1.) The Magistrate Judge concluded that Petitioner's habeas Petition was timely filed, but that Petitioner is not entitled to habeas relief. (Doc. 24 at 7.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. Petitioner's objections to the findings and recommendations have also been carefully considered. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Fine.

Petitioner objects that the Magistrate Judge has incorrectly interpreted one of his claims of ineffective assistance of counsel as it relates to failed impeachment of a witness. (Doc. 28 at 7.) Petitioner contends that his argument is not that his trial counsel failed to

impeach a witness, but rather, that his trial counsel repeatedly showed that he was not prepared, and was unfamiliar with prior statements made by the witness. *Id*. This Court finds that the Magistrate Judge correctly framed Petitioner's claim by stating, "[Petitioner] claims that his trial counsel was ineffective for the failed attempt to impeach Grinstead for his testimony about whether [Petitioner] had a gun in Pursell's apartment. [Petitioner] claims that this shows that his trial counsel was not sufficiently prepared." (Doc. 24 at 7; citing Doc. 1 at 8; Doc. 22-1 at 2, 28-30; Doc. 22-2 at 20-22).

Having carefully reviewed the record, Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 24) is **accepted** and **adopted** by the Court;

2. That Petitioner's Objections (Doc. 28) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That Petitioner's Motion for Certificate of Appealability (Doc. 27) is **denied**;

5. That leave to proceed *in forma pauperis* on appeal is **denied**; and

6. That the Clerk of Court shall **terminate** this action.

Dated this 5th day of October, 2018.

Honorable Steven P. Logan
United States District Judge